**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-30970
Summary Calendar
_____


LESTER CHAPLAIN, JR.; ALINE RICHARDS CHAPLAIN,

Plaintiffs-Appellees,

versus

E-Z SERVE CONVENIENCE STORES, INC.;
ROYAL INSURANCE COMPANY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1144-E)
_____

April 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this personal injury case, Defendants-Appellants E-Z Serve Convenience Stores, Inc. and Royal Insurance Company (collectively "E-Z Serve") appeal the judgment of the district court, which awarded Plaintiffs-Appellees, Lester Chaplain, Jr. and Aline Richards Chaplain, $108,500 for injuries suffered as a result of Mr. Chaplain's fall on a beer bottle as he was fueling his vehicle

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

at an E-Z Serve fuel island.[1]  E-Z Serve contends that pursuant to the Louisiana Merchant's Liability Act[2] (the "Act") and its stringent burden of proof as articulated by the Louisiana Supreme Court in <u>White v. Wal-Mart Stores, Inc.</u>,[3] the plaintiffs have failed to prove two essential elements of Act, namely that (1) the beer bottle posed an unreasonable risk of harm to Mr. Chaplain, and (2) E-Z Serve had constructive notice of the bottle's presence on the fuel island, such that the bottle was there for a sufficient time to have been discovered had E-Z Serve exercised reasonable care.

We review questions of fact for clear error and questions of law de novo.[4]  A finding of fact is clearly erroneous if the record lacks adequate evidence to support it, so that our review of the

---

[1]The court awarded Mr. Chaplain $105,000 on his personal injury damages and Mrs. Chaplain $3,500 on her loss of consortium claim.

[2]La. Rev. Stat. Ann. § 9:2800.6 (West 1997).  The Act provides in pertinent part:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury . . . because of . . . a condition existing in or on a merchant's premises, the claimant shall have the burden of proving . . . :
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care.

[3]699 So. 2d 1081 (La. 1997).

[4]<u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 394 (1948).

entire record leaves us with the definite and firm conviction that a mistake has been made.[5]  If, however, the finding of fact is based on a misconception of an underlying legal standard, we are not bound by the clearly erroneous standard but can examine the record de novo.[6]

After a thorough review and evaluation of the record, we are convinced that the facts found by the trial court are not clearly erroneous.  During the course of the bench trial, the court made the following factual findings: (1) a beer bottle allowed to remain in the immediate vicinity of the area where patrons of the store were operating fuel pumps posed an unreasonable risk of harm; (2) when Chaplain pulled up to the fuel island, no other customers were present, so the injury-causing agent — the bottle — must have been there for some time before he arrived; (3) bottles and oil cans were left on the fuel island by customers regularly; and (4) although E-Z Serve's rules and regulations require employees to clean the exterior of the premises every eight hours, trash and debris would remain on the premises for more than enough time to be discovered by the exercise of reasonable care.  Based on these findings, the district court determined that plaintiffs had established the elements under the Act, including the heightened constructive notice standard articulated in <u>White</u>, and therefore

_____

[5]<u>Central Marine Inc. v. United States</u>, 153 F.3d 225, 229 (5th Cir.  1998), <u>cert, denied</u>, 1999 WL 55872 (U.S. Mar. 29, 1999).

[6]<u>Id.</u>

adjudged E-Z Serve liable for the Chaplains' injuries.[7]  We find no reversible error.

We heed the <u>White</u> court's admonition that "[a] claimant who simply shows that the conditions existed without an additional showing that the condition existed <u>for some time</u> before the fall has not carried the burden of proving the constructive notice as mandated by the statute."[8]  The <u>White</u> court overruled prior state court precedent by requiring a plaintiff who seeks personal injury damages under the Act to prove a temporal element of constructive notice, <u>i.e.</u>, that the actual damage-causing condition existed "for some time period."  Additionally, the <u>White</u> decision requires the plaintiff to make a positive showing of the condition prior to the fall, rather than shifting the burden to defendant merchants to show the <u>absence</u> of the condition prior to the fall.[9]  Aware of the heightened proof it was imposing by articulating this standard, the court went out of its way to emphasize that "[t]his is not an impossible burden."[10]

A footnote following this phrase in <u>White</u> contains examples of cases in which a plaintiff had carried his burden of proving constructive notice.  We find guidance from these approbated pre-<u>White</u> cases when assessing the Chaplains' success or failure to

---

[7]As Mr. Chaplain did not look down to make sure that he did not encounter a possibly avoidable hazard, the court assessed his comparative fault at thirty percent.

[8]<u>White</u>, 699 So. 2d at 1084 (emphasis added).

[9]<u>Id.</u>

[10]<u>Id.</u> at 1085.

demonstrate E-Z Serve's constructive notice of the beer bottle on which Mr. Chaplain fell.  One of the cases cited with approval by the White majority was Saucier v. Kugler, Inc,[11] in which the personal injury plaintiff slipped on a lemon that had fallen to the floor in the produce department of a grocery store.  Although the plaintiff was unable to prove how long the lemon had been on the floor by the time she fell, she did prove that the store had knowledge of the propensity of lemons to roll off the shelf and onto the floor.[12]  This, the court found, was sufficient to prove constructive notice under the statute.[13]

Reading White as acknowledging the continuing viability of Saucier, we conclude that the district court did not err reversibly when it determined that plaintiffs had proven all elements of the statute.  Like the plaintiff in Saucier, the Chaplains established that E-Z Serve had been aware that trash in general and beer bottles in particular routinely accumulated on the fuel island, but did little to abate this hazard in a timely manner.  Additionally, at the time that Mr. Chaplain arrived at the E-Z Serve, no other patrons were present, leading to a reasonable deduction that the beer bottle had lain in its obstructive position "for some time period" —— the temporal element required under White.

_____

[11]628 So. 2d 1309 (La. App. 3d Cir. 1993).

[12]Id. at 1314.

[13]Id.; see also Beninate v. Wal-Mart Stores, Inc., 704 So. 2d 851, 856 (La. Ct. App. 5th Cir. 1997) (finding that the area around the potato on which plaintiff fell was black sufficiently established that the hazardous condition existed for some period of time before the fall), writ denied, 713 So. 2d 470 (1998)

These facts are sufficient to refute E-Z Serve's claims that the district court erroneously found that the beer bottle posed an unreasonable risk of harm and that E-Z Serve had constructive notice of the dangerous condition prior to its occurrence.[14] As in most personal injury cases, the issues in this case are very fact intensive and fact driven, often turning on the credibility of the witnesses at trial, the determination of which we accord great deference to the district court. Finding that no clear error was made in the court's factual determinations and discerning no reversible legal errors, we conclude that E-Z Serve's contentions are without merit largely for the reasons articulated in the comprehensive opinion of the district court. The judgment of the district court is therefore, in all respects,

AFFIRMED.

---

[14]We note, in addition, that E-Z Serve's contention that the district court erred in admitting photographs of the exterior of the E-Z Serve taken subsequent to Mr. Chaplain's fall is without merit. Rather, the evidence is probative of a core issue in this case — whether, in its admitted continuation of its method of operation, E-Z Serve had actual or constructive notice of the condition such that it would have been discovered if E-Z Serve had exercised reasonable care. See Norton v. Wal-Mart Stores, Inc., 1998 WL 52246 (La. Ct. App. 3d Cir. Feb. 11, 1998); Ricord v. K-Mart Corp., 1998 WL 92277 (E.D.La. Mar. 2, 1998).